By the Court.
 

 The plaintiff, Elsie B. Whitting, brought an action in the court of common pleas
 
 *126
 
 against the defendant, Arthur D. Tyler, seeking to restrain the defendant from obstructing two water courses passing through the property of the defendant, thereby damming the water back upon the adjoining property of the plaintiff. Plaintiff prayed for a mandatory order compelling the removal of the obstructions and prohibiting like obstructions in the future, and prayed for damages that had resulted from the wrongful obstruction of the water courses in question. The defendant answered, denying the existence of the facts alleged by the plaintiff on which plaintiff’s relief was sought. The court of common pleas found in favor of the plaintiff, entered a final order of injunction commanding the removal of the obstructions to the water courses, and ordering that the same be kept open in the future. The issues, except the issue of damages, were decided in favor of the plaintiff, and the case was continued until the further order of the court with respect to damages. The decision was rendered on April 20, 1927. Nine days later, on April 29,1927, the defendant gave notice of his intention to appeal the case to the Court of Appeals, and asked the trial court to fix the amount of the appeal bond. The amount was fixed at $200. On the same day the trial court of its own motion vacated and held for naught the judgment that had been entered on April 20, 1927, and at the same time, and of its own motion, the court vacated and held for naught the entry that had been made fixing the amount of the appeal bond at $200. In short, on April 29, 1927, the court vacated, set aside, and held for naught everything that was covered by the action of the court in the rendition of judgment on April 20, 1927, and this
 
 *127
 
 of necessity vacated the provision that was made on April 20, 1927, that the issue of damages should be continued for the further action of the court; so that on April 29, 1927, the case in the common pleas court stood in all respects as if nothing had been decided by that court.
 

 The transcript of the docket and journal entries of the Court of Appeals, as shown in the printed record, gives the date of the filing of the appeal bond in that court as April 28, 1927, thus stating that the bond was filed one day prior to the time at which the court fixed the amount of the bond, to wit, on April 29,1927. An inspection of the bond itself discloses that it was not filed on April 28, but was filed on April 29, the same day that all action taken by the court of common pleas was vacated and set aside. There is nothing to show whether, even on April 29; 1927, the appeal bond was in fact filed prior to the vacating on that day by the court of common pleas of all action it had taken in the case. In the Court of Appeals the defendant procured leave to withdraw his answer and cross-petition, and filed a demurrer, and also a motion to make plaintiff’s petition definite and certain. The motion was overruled, but the demurrer was sustained. The contention of the defendant was that a remedy at law existed by virtue of Section 6653, General Code, relating to the jurisdiction of township trustees in certain matters of drainage. The Court of Appeals sustained this position of the defendant, and on that ground denied the injunction prayed for by the plaintiff.
 

 We cannot concur in the position of the Court of Appeals that Section 6653 afforded an adequate
 
 *128
 
 remedy at law that barred the right of the plaintiff to relief in equity which she was seeking. The Court of Appeals suggested to the defendant that, inasmuch as the issue of damages had been continued in the court of common pleas, it might be quite as well for him to try out all his rights in that court.
 

 The record is in a very confused condition. It is quite difficult to see how any more confusion could possibly be put into a record than appears to be in this. If the appeal was not perfected by the filing of the bond on April 29,1927, prior to the time of the entering of judgment on that date vacating all that had taken place in the court of common pleas, then evidently there was nothing left to appeal from. The whole case appears to be back in the court of common pleas without any action taken by that court on any of the issues raised by the pleadings. It seems entirely clear that the only action that can be taken here which will preserve the rights of all parties is to reverse the action of the Court of Appeals and remand the case for retrial in the court of common pleas, and such wili be the action of this court.
 

 Judgment reversed and cause remanded.
 

 Mabshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.